*William Harrison,* for appellant.

*J. B. Bissell,* for appellee.

---

## WELLS *et al. v.* ADAMS.

(*Supreme Court of Colorado, December 4, 1883—Appeal from the District Court of Custer County*).

1. EVIDENCE—ATTORNEY'S FEE VS. CO-COUNSEL. When an attorney who takes a case upon a contingent fee, and on his own account employs an attorney to assist him in the case, upon the promise of a "good fee," in no wise contingent, but depending on his labor and value, it is error upon the trial of a suit for such service, to admit testimony showing the amount realized by the attorney who took the chances on a contingent fee.

2. SAME—HYPOTHETICAL QUESTION. It is error to allow an answer to a hypothetical question, which does not conform to the facts in evidence.

3. SAME—HEARSAY—CONTENTS OF LOST PAPER. The statements of a person not a party to the record, must be rejected as hearsay. "Have hunted my office over, and made diligent search," without finding a letter, by the party offering the testimony, is not sufficient ground upon which to admit proof of the contents of such letter. Secondary evidence of the contents should not be admitted unless the preliminary proof of loss shows a *bona fide* and unsuccessful search in the place where the lost instrument was deposited, and last seen, or where it was most likely to be found.

HELM, J.  Appellants are and were, in May, 1879, co-partners in the practice of the law.  The firm was at that time engaged in prosecuting a certain cause, known as the Bull-Domingo suit, then pending in the District Court of Custer County.  Macon, one of the partners, being on the ground in charge of the case, in behalf of himself and co-partners, employed appellee (a local attorney at law) to assist in the trial thereof, promising him a "good fee" for his services in connection therewith.  The cause was tried, occupying some ten or twelve days, and appellee assisted as counsel therein.  Failing to secure such compensation as he deemed his services worth, appellee brought suit and obtained a verdict and judgment against appellants for the sum of twenty-five hundred dollars.  Neither of appellants was present at this trial, though they were represented by counsel; no evidence was offered in their behalf, and the verdict was based exclusively upon the testimony introduced by appellee.

It appears that appellants took charge of the Bull-Domingo case for a contingent fee, and were to furnish all of the legal services necessary in the management thereof, and appellee and one Hunter were permitted to testify that appellants received $42,500 for the services rendered.  In determining the value of appellee's labor the jury doubtless took into consideration the amount of this fee, and were governed to some extent thereby.

There was no contingency as to appellee's compensation for his services.  Appellants were bound, if at all, to pay him a good fee whether they received anything or not.  His compensation did not depend in any way upon success in the case; theirs rested entirely on this contingency.  He was to be well paid for the services actually rendered; they might bear most of the responsibility, and perform the lion's share of the work, and yet receive no remuneration whatever therefor.  Had appellants been unsuccessfel in that cause and received nothing for their labor and responsibility, they could not have reduced the amount of appellant's recovery by proving that fact in this case.

The value of an attorney's services in a given cause, is to some extent governed by the amount in controversy, and the consequent responsibility resting upon him.  A larger fee is

usually charged and received for the management of a cause involving $50,000, than for similar services in a controversy over $50. And we are not disposed to say that the Court erred in admitting proofs showing the value of the property at stake in the Bull-Domingo suit; though appellee was only assistant counsel therein, and bore but a small part of the responsibility. But we cannot by any satisfactory reasoning extend this rule so as to sanction the Court's action in admitting proof as to the fee received by appellants.

The Court also erred in allowing the witness Moorman to answer the hypothetical question put to him. Moorman, who was a practicing attorney, was called for the purpose of giving his opinion as to the value of the services rendered by appellee. The question put to him supposed that the party occupying the position of appellants received $42,500 for services rendered; and it also contained a supposition, that appellee was engaged 15 or 20 days in the preparation and trial of the case; whereas his own testimony limits the time to 10 or 12 days. It is only reasonable to infer that Moorman considered these elements of the question, and in consequence thereof, placed his estimate of the value of appelle's services higher than he otherwise would.

Witness Hunter was permitted to testify to declarations made by one Wilson, concerning the employment of appellee by Macon. Wilson was not a party to the record, and had no connection with the controversy; his declarations were purely hearsay and should not have been admitted.

Appellee, while testifying, stated the contents of a letter received by him from appellant Wells. The only evidence as to the loss of this letter is given by him as follows:

Question, "Have you got that letter?" Ans. "I have not, I have hunted my office over for it." Question, "Have you made diligent search for that letter?" Ans. "I have."

The proof of diligence used in searching for a lost instrument, required as a foundation for the admission of oral evidence concerning the contents thereof, depends to some extent upon the nature of the instrument lost. 2 Best on Evidence, Sec. 482.

The contents of a letter, or the superscription upon an en-

velope, which is not likely ever to become useful, might be shown by parol upon more slender proof of loss than would be required in the case of an important contract.

But such secondary evidence as to the contents of any document should not be admitted, unless the preliminary proof of loss shows a *bona fide* and unsuccessful search in the place where the lost instrument was deposited and last seen, or where it was most likely to be found, if the circumstances admit of such proof. 1 Wharton's Evidence, Sec. 147.

The declaration of appellee that he had made diligent search in his office for the letter is not a compliance with the foregoing requirements; the Court erred in admitting secondary evidence of its contents.

According to the averments of the complaint and the testimony of appellee himself, he was only employed by Macon to assist in the trial of a suit then pending; yet he was permitted to testify as to services rendered, including a trip from Rosita to Pueblo, in a subsequent suit between the same litigants. These services and expenses were included by the jury in estimating the amount of his damages. There was error in admitting this testimony, but as no exception was preserved thereto we are precluded from considering the same.

For errors, however, in the admission of testimony to which exceptions were duly taken, the cause must be reversed. While some of these errors would perhaps not be sufficient in themselves alone to justify a reversal, yet others were important, and taken together we are satisfied that the appellants were seriously prejudiced thereby and should be awarded a new trial.                               *Reversed and remanded.*