[No. 7212.]

HIPP, INTERVENOR, v. SPENCER.

1. **Assignment for Collection—Effect—**A written order from the creditor to the debtor, to pay the debt to an attorney, its purpose being merely to authorize the collection of the money, does not invest the attorney with title to the demand, or the proceeds of collection.—(434, 435)

2. **Intervention — Effect —** The intervenor submits all his rights in respect to the matter in controversy, to the judgment of the court in the same action. He will not be heard to complain that they were there determined.—(435)

*Appeal from Arapahoe County Court —* Hon. ROBERT W. STEELE, Judge.

Mr. JOHN HIPP, appellant, *pro se.*

Mr. W. T. ROGERS, for appellee.

(28)

Mr. JUSTICE BAILEY delivered the opinion of the court:

This case was originally begun and tried in a justice court, and is therefore without pleadings. From a judgment in the justice court appeal was taken to the county court, where it was again tried, and from a judgment in that court the case went by appeal to the court of appeals, and comes here by reason of the abolishment of that tribunal.

These are the facts. One W. C. Marshall owed J. F. Spencer, plaintiff below, appellee here, a bill for work and labor amounting, according to Spencer, to $132.65. Spencer employed appellant, John Hipp, intervenor below, to collect the same, and indorsed on the bill and signed the following: "W. C. Marshall: —Please pay the above amount to John Hipp, or order, and this will be your receipt for the same." Presently thereafter Marshall paid $97.00 of this bill to Hipp in full thereof, but Spencer, apparently unwilling to accept that sum in discharge of his claim, and there being a dispute over Hipp's charge for collection, sued Marshall to recover the whole amount, and Hipp intervened, setting up the fact that the payment to him of the $97.00 was in full discharge of the claim, and that he, by reason of the written assignment, was the owner and entitled to the possession of the money; and further, that, by reason of legal services in that behalf, he was entitled to a lien upon the full amount collected. Trial was had to the court, with a finding that $97.00 was all there was due Spencer, and that Spencer's claim had been discharged in full by Marshall's payment to Hipp, and, as to defendant Marshall, dismissed the case out of court, at the cost of plaintiff. Upon the intervention the court found that Hipp was entitled to retain, out of the $97.00, $15.00 as attorney's fee, and that the

balance thereof, $82.00, should go to Spencer, and entered judgment accordingly. With this finding and judgment Hipp was dissatisfied and brings the case here for review, contending that there should have been no adjudication of the matter in dispute between himself and Spencer, but only a dismissal of the action, leaving their controversy to a settlement between themselves, and in a separate independent action, should suit be necessary.

We have examined carefully the entire record in the case. It shows fully the work performed by Hipp, and while there is no direct testimony as to the value of the same, it must be presumed that, with full knowledge of the services which Hipp had rendered in the matter, as disclosed by the evidence, the judge of the county court was entirely qualified to determine the value thereof and to properly adjust his claim. The record and testimony in the case show that the assignment was purely for the purpose of collection. The assignment gave Hipp no ownership in the demand itself or the proceeds thereof. The only possible claim he had against the proceeds from the collection was a lien thereon for his fee. It was entirely proper in the intervention to determine the amount of that fee and finally adjust it; indeed we see no other purpose for the intervention than to have this precise question settled. If Hipp did not desire to have his rights adjudged, why did he intervene? He came in voluntarily and ought not now to be heard to complain that the court acted upon his application. We think, upon the whole record, that the case was correctly determined, and the adjustment eminently fair to all parties. Perceiving no error in the record, the judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.