## No. 10,207.

PEOPLE, EX REL. COLUMBINE MERCANTILE CO. ET AL. *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER.

Decided December 5, 1921. Rehearing denied January 9, 1922.

Action on contract for the payment of money. Motion for change of venue denied. Petition of relators for writ of prohibition denied.

*Petition dismissed.*

1. VENUE—*Jurisdiction of Court.* If a motion for change of venue is well founded, and no question of fact open, the court has no jurisdiction except to grant the motion.

2. CONTRACT—*Where to be Performed.* Under an agreement to pay money, no place of payment being mentioned, the debt is payable where the creditor resides.

3. VENUE—*Action on Contract.* In an action on contract for the payment of money, there being no agreement as to where payment is to be made, the action was properly brought in the county of the creditor's residence, under section 29, code 1908, concerning venue.

4. *Motion for Change.* If the supposition of the jurisdiction of the court in which an action is brought is consistent with the statements made in an application for a change of venue, the application should be denied.

## Original Proceeding.

Messrs. CRUMP & RILEY, for relators.

Messrs. GOUDY & GOUDY, for respondents.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff, The Globe National Bank, brought an action in the district court of the City and County of Denver, against The Columbine Mercantile Company and others, to recover a certain sum of money under a contract. The defendants moved for a change of venue. The motion was denied, and defendants have filed in this court a petition for a writ of prohibition.

If the motion for change was well founded and no question of fact was open, the district court had no jurisdiction except to grant the motion. *People v. District Court,* 66 Colo. 330, 182 Pac. 7.

The petition shows that the defendants all reside in Arapahoe County, and were served with summons in that county. The petition, and the affidavits incorporated therein, raise the question whether the contract was to be performed in the City and County of Denver. This is the only question that need be now determined.

Section 29, Code of Civil Procedure of 1908, provides that: "Actions upon contracts may be tried in the county in which the contract was to be performed."

The affidavits show that the plaintiff is a resident of the City and County of Denver. An affidávit made by one of the defendants, in support of the motion for a change of venue, alleges "that the only paper or alleged contract * * * is in words and figures, following, to-wit: * * *

'The Columbine Mercantile Company,
                              * * * Littleton, Colorado.

Globe National Bank,
    Denver, Colorado.
Gentlemen:

We, the undersigned, will pay direct to you on or about May 1st, the sum of $4,000.00, Four Thousand Dollars, being part of last payment due Clarence Napper & Co., for building our elevator at Littleton, Colorado, when he has completed same according to contract and specifications.

                    The Columbine Mercantile Company."

There is no showing in the record that the contract was to be performed in some other county than Denver. So far as the contract itself is concerned, it indicates that the place of performance is the City and County of Denver, which is the domicile of the creditor. The contract simply provides for the payment of money, without expressly stating where the payment is to be made. In 30 Cyc. 1185, it is said:

"In the absence of any agreement upon the subject, a debt is payable where the creditor resides."

In 21 R. C. L. 15, sec. 9, it is stated as follows:

"In general, a debtor who is indebted on a money obligation is bound, if no place of payment is specified in the contract, to seek the creditor, and make payment to him personally."

In *Moherstadt v. Newman,* 204 Mo. App. 619, 217 S. W. 591, the court, citing the above authorities, said:

"Where an agreement to pay is made and no place of

payment is mentioned, the debt is payable where the creditor resides."

This rule was followed in *State v. District Court,* 55 Mont. 330, 176 Pac. 613, and the court said that "The doctrine rests upon the presumption or implication of law that the intention of the parties was that payment should be made to the creditor at his   *   *   *   residence."

That case, like the instant case, was one where a plaintiff resisted an application for a change of venue, and contended that the place of payment was the residence of the creditor.

The complaint in the instant case alleges that the plaintiff advanced certain moneys and that the defendants promised to repay the same. The plaintiff is a bank, and, as before noted, is domiciled in the City and County of Denver. The contract, so far as it is described in the complaint, is one *prima facie* to be performed in the City and County of Denver. In *Bank of Yolo v. Sperry Flour Co.,* 141 Cal. 314, 74 Pac. 855, 65 L. R. A. 90, it was held that a promise to repay money advanced by a bank—no other place of payment being stipulated—must be deemed a promise to pay at its bank. The allegations of the complaint were, therefore, sufficient in form, *prima facie,* to give the district court of the City and County of Denver jurisdiction to try the cause. The application for a change of venue did not negative the allegations by any showing other than the bare statement of one of the defendants that "it is not true that   *   *   *   any contract   *   *   *   was to be performed in the City and County of Denver," which was a mere conclusion. Such statement is not a denial of the allegation that the defendants promised to repay to the Denver bank, the plaintiff, certain moneys advanced by the latter. The supposition of jurisdiction of the Denver court is consistent with any of the statements made in the application for a change of venue, and, therefore, under the case of *Peabody v. Oleson,* 15 Colo. App. 346, 348, 62 Pac. 234, the court properly denied the motion.

So far as the pleadings and the evidence in this case tend

to show the place of performance of the contract sued upon, in the light of the authorities above cited, they show it to be the City and County of Denver and not in any other county; in other words, they show it to be in the county in which the action was brought.

The petition for a writ of prohibition is denied and dismissed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.