## No. 10,934.

### ENYART *v.* ORR, ET AL.

Decided July 6, 1925.

Action to recover amount alleged to be due as attorney fees.   Judgment for plaintiffs.

### *Reversed.*

1. VENUE—*Change—Apt Time.*  Application for change of venue by motion and again on demurrer to complaint, held seasonably made.

2. *Residence.*  On motion for change of venue, under the facts disclosed it is held that plaintiffs and defendant were residents of the county in which the action was commenced.

3. DEBTOR AND CREDITOR—*Place of Payment.*  It is the duty of the debtor to seek the creditor and make payment at the place of the latter's residence.

4. VENUE—*Contract—Place of Performance.*  There being no place of performance expressed in a contract, no change of venue can be granted on that ground.

5. *Convenience of Witnesses.*  A motion to change the place of trial, on the grounds that the convenience of witnesses and ends of justice will be promoted by the change, is addressed to the sound discretion of the court, whose decision thereon will be accepted on review unless an abuse of such discretion is apparent.

6. PLEADING—*Amendment.*  In an action by attorneys for balance of fees alleged to be due, there was no error, under the facts disclosed, in permitting plaintiffs to amend their complaint by adding a separate and distinct quantum meruit count.

7. ATTORNEY AND CLIENT—*Fees—Suit.*  In an action by attorneys upon contract for payment for services, in addition to proof of the contract and performance, plaintiff must prove that the contract was reasonable and fair, and that the services rendered were reasonably worth the amount therein stated.

8. TRIAL—*Election of Remedies.*  The granting or overruling of a

motion for election is addressed to the sound legal discretion of the court, which will not be disturbed except in case of abuse.

9. Frauds—*Statute of—Legal Services*.  Legal services rendered a party as administratrix, and in connection with litigation in which her son was involved, held to be an original undertaking and not within the statute of frauds.

10. Attorney and Client—*Relation*.  The relation of attorney and client is one of special trust and confidence.

11. Pleading—*Attorney Fees—Defense*.  In an action for attorney fees, defendant's answer that the contract sued upon was inequitable and unfair, and that the attorneys did not explain and defendant did not understand her legal rights in the premises, held not demurrable.

12. Attorney and Client—*Pleading*.  In an action for attorney fees, motion to strike portions of defendant's answer and counterclaim alleging neglect and misconduct on the part of plaintiff to defendant's damage, held improperly sustained.

13. Evidence—*Attorney and Client—Fees*.  In an action for attorney fees, evidence on the part of defendant tending to show that the fees had been paid in advance, was improperly excluded.

14.   *Hypothetical Questions*.  It is not essential that the facts stated in a hypothetical question be undisputed, but such questions cannot be based upon suppositions of which there is no evidence, tendency of evidence, nor any offer of evidence.

15.   *Hypothetical Questions*.  Hypothetical questions containing suppositions that are not within the probable or possible range of the evidence and which are misleading and incorrect, held prejudicial.

16. Instructions—*Attorney and Client*.  In an action for attorney fees, requested instructions concerning the claim of defendant that work for which plaintiff sought pay had been performed by other counsel, and concerning the relation of attorney and client, held improperly refused.

17. Attorney and Client—*Value of Services*.  In an action for attorney fees, the burden is upon the attorney to show the work performed.

18.   *Fees—Location of Attorney*.  Reasonable attorney fees are to be determined by the value of services at the place where the attorney resides and practices.

19.    *Attorney Fees—Determination by Courts.*  Courts are competent to speak on the value of legal services.

20.    *Verdict—Excessive.*  Evidence reviewed and a verdict of $64,000 for attorney fees, held excessive.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Messrs. ADAMS & GAST, Messrs. STRACHAN, TURNER & CARRUTHERS, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. C. B. HORN, for defendants in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE plaintiff in error was defendant in the trial court, where defendants in error were plaintiffs. We refer to them hereafter in accordance with the alignment there. Plaintiffs are law partners, residing and practicing in Colorado Springs, El Paso county. They claimed a balance due them from defendant for legal services, and recovered judgment on a verdict of the jury in the sum of $64,000 and costs. Defendant brings error.

The assignments of error to be noted are: (1) The denial of defendant's motions for change of venue. (2) The court's ruling in permitting plaintiffs to amend their complaint. (3) The refusal of the court to compel plaintiffs to elect whether they would proceed upon their first cause of action, alleging a contract, or on the second cause, on quantum meruit. (4) The sustaining of the plaintiffs' demurrer to defendant's second defense. (5) The sustaining of plaintiffs' demurrer to defendant's third defense. (6) The striking of defendant's counterclaim in her cross-complaint against plaintiffs. (7) The exclusion of all testimony in support of the counterclaim against

plaintiffs. (8) The rejection of testimony offered by the defendant. (9) The admission of evidence, consisting of answers to hypothetical questions propounded to expert witnesses for plaintiffs, on the question of the reasonableness of the fees claimed. (10) Instructions to the jury requested by defendant and refused. (11) That the verdict and judgment were excessive.

We shall consider the objections in the above order.

1. Venue. On December 2, 1922, the complaint was filed in the district court of El Paso county, the defendant was served with process in Crowley county and on December 22, 1922, she filed a motion for change of venue to the latter county. The court denied the motion. Later she demurred to the complaint, again raising the question of the jurisdiction of the district court of El Paso county, in connection with other grounds of demurrer. This was also overruled and error is assigned upon the refusal of the court to grant the change, as prayed in the motion and demurrer.

The application for change of venue, if well taken, was seasonably made. The question is, should it have been granted? To determine this, we look to the 1921 Code of Civil Procedure, section 29. To ascertain which subdivision of the section the case comes under, we must first eliminate from consideration certain provisions upon which defendant relies, but which are not applicable to this case.

The first of these is the claim of defendant that her residence was in Crowley county at the time that the action was commenced. She formerly did reside there, but later changed her residence to El Paso county, where she resided at the time the suit was commenced. She disputes this, but each of the plaintiffs filed an affidavit resisting the motion, in which they say, among other things, that in 1920 she filed an action for divorce against her husband, since deceased, and in the complaint stated that she was then a bona fide resident of El Paso county. This she did not deny nor attempt to explain. This statement, in connection with other statements as disclosed by affida-

vits resisting the motion, that she continued to reside in El Paso county from that time on, except when she returned to Ordway in Crowley county temporarily for the purpose of looking after the administration of her late husband's estate, and that when she left Colorado Springs, she stated that she intended to return and would not live in Ordway, are persuasive facts indicating her intention to make her permanent residence in El Paso county. In overruling the defendant's motion for change of place of trial, the trial court made no specific finding as to defendant's residence, nor was it necessary that it should, but in determining the motion, the court must have and no doubt did take into consideration certain of these undisputed statements and resolved them against the defendant. We hold from the above facts that plaintiffs and defendant were all residents of El Paso county at the time the action was commenced.

It was the duty of the debtor to seek the creditor, and to make payment at the place of the latter's residence. *People, ex rel. v. District Court,* 70 Colo. 540, 203 Pac. 268.

The place of performance of the contract was another ground stated in the motion to change the place of trial, but since there was no place of performance expressed in the contract, no motion for change of venue could be granted on that ground. *People, ex rel. v. District Court,* 66 Colo. 330, 182 Pac. 7.

For the above reasons, the court committed no error in overruling defendant's motion for change of venue.

Defendant also invoked the third paragraph of section 31, Code of Civil Procedure, 1921, to change the place of trial from El Paso County to Crowley County, which reads: "The court may, on good cause shown, change the place of trial in the following cases: * * * Third. When the convenience of witnesses and the ends of justice would be promoted by the change."

This motion was addressed to the sound discretion of the court. *D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App.

158, 45 Pac. 285. A motion to change the place of trial on the grounds that the convenience of witnesses and the ends of justice will be promoted by the change, is in place after the issues of fact are joined so that the court, in passing on the motion, can determine the materiality of the testimony, and it was so filed by the defendant. In this respect it is unlike the grounds here mentioned in section 29 of the Code. It is unlike the cases where the ground alleged is one of absolute right, in which it has been said by this court that the filing of the motion deprives the court of jurisdiction, except to order the change.

When a motion is filed based on the third subdivision of section 31 of the Code, quoted above, the court must of necessity rely largely on the good faith of the affidavits or other evidence of what the testimony at the trial will be. Its ruling may be corrected for an abuse of discretion, but as said in *D. & R. G. R. R. Co. v. Cahill,* the decision of the trial court will be accepted on review as final, unless such abuse is apparent.

The defendant complains that plaintiffs secured the retention of the place of trial in El Paso county by means of affidavits that they would call certain witnesses whom they did not call. Affidavits in support of motions for change of venue should state facts. We do not, however, need to discuss or pass on the sufficiency of the affidavits challenged by counsel for defendant, except to say that both sides know now reasonably well who their witnesses are and what the nature and extent of their testimony will be, and the defendant may, in this case, if she chooses, renew the application on the last named ground only, that is, the third subdivision of section 31 of the Code, with such affidavits and counter-affidavits as the parties may wish to file, for and against the motion, for the further consideration of the trial court.

2. Amendments. This action was originally brought on an alleged express contract by defendant to pay plaintiffs the sum of $100,000 for all services rendered and to be rendered; that there was $25,000 paid and a balance

of $75,000 due.   The plaintiff was permitted, over the protest of defendant, to add a separate and distinct quantum meruit count, in addition to the allegation on express contract.   Defendant says that this was a violation of the rule announced by this court in *Schleier v. Bonella,* 73 Colo. 222, 214 Pac. 537.   We think not.   It is to be distinguished for two reasons:   In that case, which was an action for commission for sale of real estate, plaintiff alleged an express agreement on the part of defendant to pay him a certain sum if he found a purchaser for the property in question.   The trial court permitted an amendment by adding an allegation that the services were well and reasonably worth a certain sum, and denied a motion to require plaintiff to elect on which cause of action he would proceed.   This was held to be error.

In general, the reason for the refusal of permission to state amendments, in so far as they are applicable to the present case, is that defendant ought not to be surprised by being required to answer a charge in court for which he was not summoned, but such is not the case here.   Defendant filed a motion and affidavits for a change of place of trial from El Paso to Crowley county and therein made a sworn admission that she had employed the plaintiffs, and had contracted and agreed to pay them a reasonable fee for services rendered and to be rendered.   Furthermore, she herself in the answer made the following allegation:   "Defendant alleges that at the time of the employment of plaintiffs, no contract or agreement was made or entered into by which Plaintiffs were to receive any fixed or definite fee for their services, but that they were employed with the understanding and agreement that they should receive the fair and reasonable value of such services as might be rendered."

This is followed with an allegation as to what these services were worth, and a statement that she had already paid more than they were worth.   There was no surprise, by the allowance of the amendment; the answer aided the complaint; in any event she went into court on

issues which were in this respect of her own choosing, and prepared to show the value or lack of value of such services; indeed, that was the whole theory of the defense.

Furthermore, a stricter rule applies against plaintiff here than in ordinary actions, namely, that in an action by attorneys upon a contract for payment for services entered into while the relation of attorney and client existed between the parties, in addition to proof of the contract and performance, the attorneys must prove facts to show that the contract was fair and reasonable under the circumstances, and that the services to be performed were reasonably worth the amount therein stated, and the amendment only amplified the original statement.

These facts distinguish the case from *Schleier v. Bonella, supra,* and here at least, where the reason for the rule fails, the rule falls with it, and the defendant was in nowise prejudiced by the amendment. For these reasons, there was no error in permitting the amendment.

3. Election. The defendant, before trial, filed a motion that plaintiffs be required to elect whether they would proceed and rely on what was designated as the first cause of action, in the amended complaint, founded upon alleged express contract, or on the second cause, based on quantum meruit. The motion was denied. At the conclusion of the plaintiff's evidence, and at the conclusion of all evidence, defendant renewed the motion and it was again denied. Defendant assigns error.

There was ample precedent for the court's ruling. The question of granting or overruling the motion was addressed to the sound legal discretion of the court, and that discretion will not be disturbed except in case of abuse. *Possell v. Smith,* 39 Colo. 127, 88 Pac. 1064; *Leonard v. Roberts,* 20 Colo. 88, 36 Pac. 880; *Cripple Creek Mining Co. v. Brabant,* 37 Colo. 423, 87 Pac. 794; *Manders v. Craft,* 3 Colo. App. 236, 32 Pac. 836; *Sharp v. Sharp,* 66 Mont. 438, 213 Pac. 799.

The language in *Sharp v. Sharp, supra,* is in harmony with the ruling of this court in the above cases. It is

well stated and meets with our approval in this case. It is there said: "The rule is that in a case of this kind, when there is more or less uncertainty as to the grounds of recovery, there may be properly joined a count upon express contract and a count upon quantum meruit, (Citing cases) and that where, as in this case, application is made during the course of the trial to require the plaintiff to elect upon which count he will rely, the question of granting or overruling the motion is addressed to the sound legal discretion of the court. (Citing cases.) The record here wholly fails to show any abuse of discretion on the part of the court in refusing to require the plaintiff to elect, and there was no error in doing so."

In the instant case, there was no abuse of discretion. The reasons that we have stated above why the amendment was permissible, apply with equal force here. The two counts were practically inseparable, it being a suit for attorney's fees, and the proof of reasonableness being required to supplement the proof of a contract, if it had developed that there was a contract. Under such circumstances, there would seem to be more grounds to charge an abuse of discretion if the court had required plaintiff to elect than there was in the order denying the motion.

4. Demurrer to Second Defense—Statute of Frauds. The defendant says that as a large part of the services rendered by plaintiffs were for her in her capacity as administratrix of the estate of her deceased husband, and other parts on account of litigation in which her son was involved, and that there was no note or menorandum in writing of any agreement to pay, subscribed by her, that it conflicts with the statute of frauds. The point is not well taken, for in this case her employment of plaintiffs was an original undertaking and as such was not within the statute. *Moon v. Greenlee,* 69 Colo. 482, 195 Pac. 1100.

5. As to defendant's third answer and defense to the first cause of action, to which a general demurrer was sustained: This defense stated, among other things, that the defendant was a woman wholly inexperienced in busi-

ness matters, entirely ignorant of what were reasonable and proper charges for professional services, and to a large extent without knowledge of the amount, value, or condition of her late husband's estate, or the legal services that might be required in its administration; that the plaintiffs had been her attorneys and trusted and confidential advisers; that she had no other sources of counsel and advice and relied implicitly upon them; that the alleged contract required her to pay personally for all legal services rendered by plaintiffs to the estate of her deceased husband and its administration and to pay personally for services to be rendered for her son in suits brought against him by other parties and in which she was not concerned and to which she was not a party. She says that the alleged contract was unfair and inequitable to her, and that plaintiffs did not explain nor did she understand her legal rights in the premises.

The relation of attorney and client is one of special trust and confidence, and the matters contained in the above third answer and defense were proper subjects of inquiry in a suit for attorney's fees. The court therefore erred in sustaining the demurrer.

6-7.  The court sustained plaintiff's motion to strike defendant's fourth and fifth separate defenses and counterclaims against plaintiffs, and excluded all testimony in support thereof. The counter-claim contained allegations similar to those in the third defense, referred to above, and in addition to other allegations and denials, the defendant said that the reasonable value of all services rendered by plaintiffs did not exceed the sum of $10,000; that the plaintiffs were not diligent, attentive, or skillful in rendering professional services to her either personally or as administratrix of her late husband's estate; that they were neglectful in the performance of their duties, and she was greatly damaged thereby, stating the amount; that due to their neglect, she was compelled to employ other attorneys; that by far the greater portion of the services rendered to her in the various matters set forth in the

complaint were rendered by plaintiff's associate counsel; that the reason that she was induced to pay personally for legal services rendered by plaintiffs in representing her as administratrix of her late husband's estate, was because they told her that unless she so agreed, she would not be permitted to act as administratrix, and that she did not then know as widow, she was entitled as a matter of right to so act; that they did this so that the county court would not have to approve their bills as attorneys for her as administratrix; that she did not employ plaintiffs to represent Frank B. Enyart, in any of the proceedings mentioned in the complaint; that he was a son of herself and her deceased husband and one of the heirs of her husband's estate and amply able to pay the expenses of any legal proceedings in which he might be involved; that upon the demand and insistence of plaintiffs, and because of their representations, and her reliance thereon, she paid them $25,000.00 from her own funds, to her damage in that amount. Other damages are also claimed.

It is unnecessary here to detail all of defendant's assertions, but these and other particular charges of alleged misconduct and neglect were contained in the cross-complaint which was stricken on plaintiffs' motion, and upon which the court sustained the objection of plaintiffs to the introduction of evidence in support thereof.

Whether these accusations are well founded or not, in a suit for a balance claimed as attorneys' fees when the plaintiffs client defended with such grave charges, it was the duty of the plaintiffs to meet them boldly; the defense should not have been stricken on motion, and the court committed serious error in ordering it to be done, and in rejecting the evidence under the pleadings.

8. As to the rejection of other testimony offered by the defendant: The case being reversed on several other grounds, we consider it unnecessary to anticipate the evidence at a new trial, or pass on all of the errors assigned on the admission and rejection of evidence. We shall notice only one. The defendant offered to prove by a wit-

ness, S. Harrison White, a purported statement of the plaintiff Orr, tending to show that the fees of the plaintiffs for their work in the Enyart estate had been paid in advance. On objection of plaintiffs, the court refused to permit answers to such questions. Defendant excepted and assigns error. The questions were pertinent and the answers should have been allowed.

9. Hypothetical Questions. Error is assigned on account of certain hypothetical questions propounded to different attorneys on the question of the fees claimed by plaintiffs. They cover about eleven typewritten pages and it is impracticable to quote them.

In *Wells v. Adams,* 7 Colo. 26, 28, 1 Pac. 698, it was held error to allow an answer to an hypothetical question which did not conform to the facts in evidence.

It is not essential that the facts be undisputed, but hypothetical questions cannot be based upon suppositions of which there is no evidence, tendency of evidence, nor any offer of evidence. *Butler v. Phillips,* 38 Colo. 378, 383, 88 Pac. 480, citing 8 Ency. Pl. & Pr. 759, 760. The rule is stated this way in 22 C. J. 714, 715: "As a rule hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established; but the governing consideration is only as to the existence of any evidence tending to prove the facts hypothesized and not as to the weight of the evidence, and therefore it is not necessary that the facts stated should be uncontroverted." Citing *Jackson v. Burnham,* 20 Colo. 532, 535, 39 Pac. 577; *Gottlieb v. Hartman,* 3 Colo. 53.

"Every hypothesis contained in the question should have some evidence to sustain it. * * * It is the privilege of a party in such cases to assume, within the limits of the evidence, any statement of the facts which he claims the evidence justifies, and have the opinion of experts upon the facts thus assumed, subject to the limitation that the question shall not be unfair or misleading. (Thompson on Trials, secs. 606-610; *People v. Hill,* 116 Cal. 562, 567,

48 Pac. 711)." *Treadwell v. Nickel,* 194 Cal. 243, 228 Pac. 25.

In the instant case, the hypothetical questions contained, in some important particulars, suppositions that were not within the probable or possible range of the evidence. Some of them were misleading, such as questions assuming that the plaintiffs had done all of the work themselves, whereas, much of it was done by other attroneys during the time of plaintiffs' employment, and some after their employment had ceased. Another error was in assuming that as to certain services rendered by plaintiffs for defendant in a divorce suit against her husband prior to his death, that the attorneys had paid all their expenses and had been paid nothing for their services. The plaintiffs placed a high valuation on this particular service, as apparently the expert witnesses also did, but the question as framed did not take into consideration the fact that the hypothesis was incorrect, because in the divorce suit, the court allowed the plaintiffs a fee of $1000.00, which was paid them. One of the expert witnesses openly expressed his difficulty in answering the question when he knew that the supposition that all of the work referred to in the question as having been performed by plaintiffs was incorrect. We think the question so framed was prejudicial.

10. Many errors are assigned on account of instructions. Instructions were requested by defendant and refused by the court, concerning the claim by the defendant that the greater part of the work for which the plaintiffs sought pay was performed by other attorneys; also instructions concerning the relation of attorney and client. We think the jury should have had the advantage of instructions from the court in regard to these matters, and that these instructions should not have been discarded. We deem it unnecessary to pass on all of the errors assigned concerning the instructions.

11. The defendant claims that the judgment was excessive. The amount was for $64,000; they had been pre-

viously paid $26,000, which would make a total of $90,000 for their services, if it should stand. The jury held against the plaintiffs that there was a contract to pay a fee of $100,000.00, but found for them as above on the quantum meruit count. The burden of proof as to the work the plaintiffs performed is on them and we meet with serious difficulty in determining the amount of work that they did in the face of their own testimony that they kept no record of the work done. In this they may have injured themselves. Without books or any records, there is an absence of definite proof.

Considering the testimony of the plaintiff Little, he estimated the value of the services of his firm rendered defendant at $100,000. He further stated that $50,000 of this was for services in the divorce proceeding. In that case the court awarded them a fee of $1,000, payable $500 down and $500 when the issues were made up. The issues were made up only about thirty days before the death of her husband, and the case was never tried. They procured an allowance of $400 per month alimony for defendant. Plaintiffs were paid the $1000, and such being the order of the court, we think that it would be unwarranted to multiply the sum by fifty to bring it up to the valuation placed thereon by the plaintiffs.

The plaintiff Little further apportioned the other $50,000 to the services of his firm upon behalf of the Enyart estate, qualifying it by a further estimate that $5,000 of this amount was for personal services rendered the defendant, which would leave $45,000 for services rendered the estate. We have not overlooked the separate suits and the services rendered in the Frank Enyart cases, for which the defendant claims she is not liable, and upon which there appears to be little definite testimony as to their value.

The defendant's net one-half interest in the Enyart estate appears to be about $473,000, from which she would be required to pay federal and state inheritance taxes and fees to plaintiffs.

The assistant attorney general and inheritance tax com-

missioner testified that approximately 300 estates come into his office every month; a deduction was claimed for the Enyart estate for attorneys' fees. The attorneys' fees were finally fixed at $25,000. This, he said, was in accordance with the standards generally applied, as to what would be a reasonable fee, not including the litigation of heirs. We refer to this only in its bearing on what would be a reasonable fee.

The plaintiffs' services in the estate matter covered a little over a year, the other work longer than that, during all of which time they continued their extensive practice for other clients, without substantial diminution. The estate was not closed when the suit was brought, defendant having discharged the plaintiffs.

There is a wide variance in the testimony of the witnesses other than plaintiffs as to the value of the services, ranging from $10,000 in the estate matter to $80,000 to $95,000 for the whole, the latter being answers to the hypothetical questions, the force of the answers being lessened, if not altogether destroyed by the difficulty in determining the amount of the work that was done by the plaintiffs, and the amount by other attorneys.

We do not agree with counsel for defendant that she has a right to employ Colorado Springs attorneys and compel them to accept the standard of fees at Ordway. What would be a reasonable fee at Ordway might not be reasonable at Colorado Springs. The standard at Colorado Springs, not Ordway, is the criterion here.

Trial courts, as well as appellate courts are competent to speak on the value of legal services. It was so held by the United States Circuit Court of Appeals in *McDougal v. Black Panther Oil and Gas Co.,* 277 Fed. 701, 707, and we so hold here. It was held in *Hipp v. Spencer,* 48 Colo. 433, 435, 109 Pac. 1109, that the county court was competent to pass on the value of a claim for legal services and to properly adjust it. In the McDougal Case, supra, it was said: "This court, as well as the trial court, may be

considered experts on the value of legal services. 6 C. J. 763, note 24."

We respect the testimony of the expert witnesses, but we feel that they were handicapped in their estimates by the character of the hypothetical question propounded to them. In view of this fact, and other testimony, and that a considerable portion of the work for which plaintiff's have sued was performed by other attorneys, we think the verdict and judgment were excessive. On account of our views in this regard, and the fact that the jury has found against plaintiffs' contention, that there was no express contract to pay plaintiffs the sum of $100,000 for services rendered and to be rendered, another trial will be confined to the quantum meruit count only.

For the above reasons the judgment is reversed.

MR. JUSTICE SHEAFOR not participating.