## No. 11,473.

CHUTKOW *v*. WAGMAN REALTY AND INSURANCE CO.

Decided June 28, 1926. Rehearing denied September 13, 1926.

Action by broker to recover a commission for exchange of real property. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. VENUE—*Performance of Contract.* The court being justified in finding that there was no agreement as to the place of performance of a contract for the payment of money, the trial was properly held in the county of the creditor's residence.

2. *Answer—Waiver.* A defendant who answers over without objection after his motion for a change of venue is denied, may not insist on review that the denial order was improper.

3. BROKERS—*Real Estate—Commission.* On an agreement to exchange properties procured by a broker, mutually satisfactory to both parties who each agreed to pay a commission, although the contract was never fully executed the broker was entitled to his commission from one of the parties because the contract was satisfactory to him, and from the other on account of his wrongful refusal to perform.

*Error to the District Court of the city and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. PELTON & CHUTKOW, Mr. C. W. McDANIEL, for plaintiff in error.

Mr. ARNOLD WEINBERGER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THROUGH the efforts of the Wagman Company plaintiff corporation, under employment by the defendant Chutkow and one Granteer, an exchange of their properties was effected to their satisfaction. By the written contract of exchange, and the additional one for the commission, each party, to the knowledge, and with the consent, of the other, agreed to pay plaintiff a certain sum for its services. This action is by the plaintiff company against defendant Chutkow, one of the contracting parties, and a recovery is sought for the commission which he agreed to pay, and the additional sum which Granteer, the other party to the contract, was to pay and which he did not pay because of Chutkow's wrongful refusal to perform. Trial was to the court without a jury. Findings of fact were for the plaintiff and a judgment was rendered for the entire commission claimed. Upon this application for a supersedeas we are requested to decide the case on the merits, which request will be complied with.

1. It is clear that the judgment must be affirmed. The assignment that the court should have granted the application of the defendant for a change of venue to the district court of Otero county, where he lived and where the summons was served upon him, is not well taken. The plaintiff creditor was doing business and resides in the city and county of Denver. The contract is silent as to the place of performance. Defendant made an affidavit in support of the change and the plaintiff filed a counter-affidavit. There was an irreconcilable conflict therein as to the place of performance of the contract, the defendant's affidavit tending to show that it was to be performed in Otero county where he lived, and plaintiff's affidavit that it was to be performed in the city and county of Denver where plaintiff resided. The court was justified in finding that there was no special or any agreement as to the place of performance and only the time of payment was fixed. That being so, payment of plaintiff's commission should be made at Denver where plaintiff creditor resides. *People v. District Court*, 70 Colo. 540, 203 Pac. 268. Moreover, the defendant's answer over without objection after the motion for change was denied, prevents him from insisting here that the denial order was improper. *Mooney v. Mortgage Company*, 75 Colo. 173, 225 Pac. 210.

2. It was upon conflicting evidence that the court made its finding on the main question in the case and there was legal and competent evidence to sustain that finding. That the plaintiff effected the exchange of properties for these parties on terms that were mutually satisfactory is beyond question. Though the exchange was not fully carried out in accordance with the terms of the contract, the failure was due solely to the defendant's wrongful refusal to perform on his part; the other party, Granteer, being at all times, as the court found, ready, able and willing to perform. Plaintiff, therefore, was entitled to the commission which Chutkow, the de-

fendant, agreed to pay and also for the commission which Granteer was to pay, and did not pay, because of the defendant's wrongful action. There being no prejudicial error of which the defendant may avail himself, we cannot disturb the judgment. Application for supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.