No. 12,440.

PROGRESSIVE MUTUAL INSURANCE COMPANY *v.* MIHOOVER.
(284 Pac. 1025)

Decided February 3, 1930. Rehearing denied February 24, 1930.

Mr. Everett Bell, for plaintiff in error.

Mr. John A. Martin, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

Mary F. Mihoover, defendant in error, hereinafter referred to as plaintiff, commenced this action against the Progressive Mutual Insurance Company, a domestic corporation, plaintiff in error, hereinafter referred to as defendant, to recover upon an accident insurance policy issued by the defendant upon the life of the plaintiff's husband, in which policy the plaintiff was named as beneficiary.

Judgment was entered in favor of the plaintiff, to review which, the defendant prosecutes this writ, and asks that a supersedeas be granted. The only assignment of error is the failure and refusal of the trial court to grant defendant's motion for a change of venue from the county court of Pueblo county to the county court of the City and County of Denver.

The plaintiff resides in Pueblo county, where her husband formerly lived; the application for insurance was made in Pueblo county; the premiums were paid in that county by her husband; her husband died, as the result of an accident it is alleged, in Pueblo county, where this action was commenced. The defendant resides in the City and County of Denver, where its principal and only place of business is maintained; it issued its insurance policy there; it was there service of process was had upon it, and it was there the contract of insurance, the defendant contends, was to be performed.

The above facts are made to appear from the verified complaint and the exhibit thereto, the summons and return of service thereon, the motion for a change of venue and exhibit thereto, and the affidavit in support and in opposition to the granting of the change. The motion for

the change of venue was denied; the defendant elected to stand thereon; thereafter default was entered, and, upon proof, judgment was entered in favor of the plaintiff and against the defendant in the amount of $1,093.33 and costs.

The contract is silent as to the place of performance in event of loss under the terms of the policy, and, unless it was to have been performed in Pueblo county, the change was improperly denied. Under the provisions of section 29 of the Code of Civil Procedure, 1921, if the contract was to be performed in Pueblo county, the change was properly denied, for the action might, under this section, be commenced either in the county of the defendant's residence, when service is had there, or in the county where the contract was to be performed, either county was the proper one, and from neither can a change of venue be properly granted. *Denver & R. G. R. R. Co. v. Cahill*, 8 Colo. App. 158, 162, 45 Pac. 285; *Brewer v. Gordon*, 27 Colo. 111, 113, 59 Pac. 404; *Chutkow v. Wagman Co.*, 80 Colo. 11, 13, 248 Pac. 1014; *Enyart v. Orr*, 78 Colo. 6, 10, 238 Pac. 29.

Where the contract is silent as to the place of payment, the debtor is obliged to seek the creditor in the county of his residence and at his usual place of business or abode, and make payment to him there. *People v. District Court*, 70 Colo. 540, 542, 203 Pac. 268; *Enyart v. Orr*, 78 Colo. 6, 10, 238 Pac. 29; *Chutkow v. Wagman Co.*, 80 Colo. 11, 13, 248 Pac. 1014; 6 R. C. L. p. 902, §287; 21 R. C. L., p. 15, §9; 13 C. J., p. 666, §754; 48 C. J., p. 592, §8; 2 Parsons on Contracts (8th Ed.) 702.

Unless the policy contains a provision definitely fixing the place of payment elsewhere, the county in which the plaintiff resides is a proper county for the trial of an action to collect thereon.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE MOORE concur.