David C. Shelton Director Mined Land Reclamation Division Department of Natural Resources 1313 Sherman Street, #423 Denver, CO 80203
Dear Mr. Shelton:
I am writing in response to your April 11, 1983 request for a formal legal opinion concerning the scope and effect of S.B. 370, a 1981 amendment to C.R.S. 1973, 34-33-108.
Section 34-33-108 authorizes the Mined Land Reclamation Board to promulgate rules and regulations governing coal mining operations. It was enacted as part of the comprehensive state coal program adopted in 1979, C.R.S. 1973, 34-33-101 etseq. (Supp. 1982), in response to the federal Surface Mining Control and Reclamation Act of 1977 (SMCRA), Pub.L. 95-87,91 Stat. 445, codified at 30 U.S.C. § 1201 et seq. (Supp. I 1977). S.B. 370 amended section 34-33-108 by adding a new subsection (2), which provides for the repeal of certain state regulations if and when certain federal laws, rules, or regulations are repealed, deleted, or withdrawn. Your request addresses specifically whether every amendment of a federal regulation under SMCRA triggers S.B. 370.
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises the specific question:
Does S.B. 370 apply to amendments of federal regulations, resulting in the repeal after 60 days of any corresponding state regulations and nullification of any permit provisions based thereon?
 S.B. 370 does not apply to amendments, revisions, modifications, or other similar changes in coal program regulations at the federal level. It applies only when federal rules or regulations are repealed, deleted, or withdrawn. It will affect the state's regulatory program only when a single federal rule or a coherent component of the federal regulatory program, which was theretofore required by federal law for state program authorization, is totally removed, and no corresponding replacement provisions are promulgated by the federal government. It does not apply where an individual federal rule or scattered rules are incidentally repealed as part of a more comprehensive revision, if the substance of the deleted provisions survives in the new regulations.
ANALYSIS
S.B. 370 provides in pertinent part as follows:
 (2) Any rule or regulation promulgated by the board which is required by a federal law, rule, or regulation shall become repealed and shall not be enforced when said federal law is repealed or said federal rule or regulation is deleted or withdrawn. Any provision of a permit issued under this article that is required by any rule of the board which is repealed in accordance with this subsection (2) shall not be enforceable. The repeal of such rule or regulation shall become effective sixty days after publication of the repeal in the federal register but will be subject to a rule-making hearing by the board as set forth in article 4 of title 24, C.R.S. 1973.
1981 Colo. Sess. Laws 1685 § 1, codified at C.R.S. 1973,34-33-108(2) (Supp. 1982).
At the outset it should be noted that S.B. 370 applies only to state rules or regulations that are required by federal law. Therefore, any state regulatory provisions not specifically required for state program authorization under SMCRA and regulations promulgated thereunder, 30 U.S.C. § 1253-1255 (Supp. I 1977); 30 C.F.R. parts 730 et seq. (1982); will not be affected by S.B. 370.
In determining whether S.B. 370 applies to amendment of federal regulations, one must of course begin with the provision's express language. People v. Macias, ___ Colo. ___,631 P.2d 584, 587 (1981). S.B. 370 is limited by its terms to repeal, deletion, and withdrawal, and does not expressly include amendment. As a general rule, "words and phrases found in statutes are to be construed according to their familiar and generally accepted meaning." Harding v. IndustrialCommission, 183 Colo. 52, 59, 515 P.2d 95, 98 (1973);accord C.R.S. 1973, 2-4-101. In common usage and understanding, the term "amendment" would not be included within or encompassed by the terms "repeal," "deletion," or "withdrawal." The definition of "repeal" found in Black'sLaw Dictionary (5th ed. 1979), which distinguishes "amendment," is illustrative.
 Repeal: The abrogation or annulling of a previously existing law by the enactment of a subsequent statute which declares that the former shall be revoked and abrogated. . ., or which contains provisions so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force. . . .
 Amendment distinguished: "Repeal" of a law means its complete abrogation by the enactment of a subsequent statute, whereas the "amendment" of a statute means an alteration in the law already existing, leaving some part of the original still standing.
(Emphasis added.) Therefore, by its terms S.B. 370 applies only to the complete abrogation of federal provisions, and not to the alteration of those provisions.
Moreover, there is no indication in the provision of any legislative intent to encompass amendments. A familiar rule of statutory construction holds that where a legislative body has specifically included certain items (here, repeal, deletion, and withdrawal) and excluded others (amendment, revision), it will be assumed, absent strong evidence to the contrary, that the exclusion was intentional, and the law will not be interpreted to extend to the omitted items. See, e.g.,Patrolmen's Benevolent Association v. NewYork, 41 N.Y.2d 205, 391 N.Y.S.2d 544, 359 N.E.2d 1338
(1976). Had the legislature in fact desired to include, for example, regulatory revisions as well as repeals, it could have easily made that intent manifest. The fact that it did not do so indicates absence of an intent to encompass amendments.E.g., In re Petition of U.M. v. DistrictCourt, ___ Colo. ___, 631 P.2d 165, 167 (1981);Patrolmen's Benevolent Association, supra.
While it is therefore clear that S.B. 370 applies to "repeals" but not to "amendments," because of the context in which the provision operates some additional clarification of the distinction between these two terms is necessary. The federal coal program consists of a comprehensive statutory and regulatory scheme designed to govern all aspects of the environmental and public health effects of coal mining operations. Regulations promulgated to effectuate the federal act's purposes and policies extend over several hundred pages. 30 C.F.R. parts 700-890 (1982). A central feature of SMCRA is its provision for "exclusive (state) jurisdiction," with certain limitations not relevant here, upon federal approval of a state program for administering and enforcing SMCRA's requirements. 30 U.S.C. § 1253. To secure federal approval, a state must demonstrate,inter alia, that its laws and regulations are no less stringent than SMCRA and its regulatory provisions. Absent such approval, the federal government would exercise all regulatory authority under SMCRA. E.g., 30 U.S.C. § 1253-1255;30 C.F.R. parts 730 et seq.
It was to secure state regulatory authority that the legislature enacted Colorado's coal program, C.R.S. 1973, 34-33-101 etseq., and authorized the Mined Land Reclamation Board to promulgate necessary rules and regulations, C.R.S. 1973, 34-33-108(1).See C.R.S. 1973, 34-33-109. The board has, consistent with the general assembly's directive, promulgated regulations corresponding to those adopted under SMCRA in order to secure federal authorization to enforce the coal program in Colorado. Because of the number and complexity of these regulatory provisions, questions may arise under S.B. 370 concerning whether substantial revisions of the federal program are properly characterized as amendments or would amount to repeal as that term was intended in S.B. 370.
It is clear that S.B. 370 would apply where, through appropriate rule making proceedings, the federal government repeals,i.e., completely abrogates, a single rule or coherent set of rules within the body of regulations constituting the program. Its effect is less certain where, for example, federal rule making results in a major revision of a set of rules pertaining to a particular aspect of the program, in the course of which individual rules may incidentally be repealed. It is my conclusion that S.B. 370 would not apply if, in the process of revising a given set of rules, a particular provision or scattered individual rules were dropped, so long as the substance of the former rules survives in the revised rules. In other words, if the federal government ceases to regulate under SMCRA some aspect of coal mining operations by repealing one or more rules, S.B. 370 will apply and the state must also cease regulation of that aspect of mining operations, subject to board rule making as provided. On the other hand, a federal revision of some aspect of the SMCRA rules that alters the details of the regulatory program will not trigger S.B. 370 even though the federal rule making may technically repeal individual provisions, so long as the substance of the deleted rules is continued in the revised regulations.
SUMMARY
In conclusion, it is my opinion that S.B. 370 does not apply to federal regulatory amendments, nor does it apply to the repeal of individual rules where that repeal is incidental to the simultaneous revision, in a single rule making proceeding, of a coherent set of rules. S.B. 370 is triggered only by a federal rule making proceeding that completely abrogates either a single rule or a set of rules, with no promulgation of a replacement rule or rules on the same subject.
Very truly yours,
 DUANE WOODARD Attorney General
COAL STATUTORY CONSTRUCTION
C.R.S. 1973, 34-33-108(2)
NATURAL RESOURCES Open Mining Land Reclam Bd
C.R.S. 1973, 34-33-108(2), does not apply to amendments, revisions, or similar changes in federal coal regulations. It applies when a single rule or a set of rules within the federal program, which was required for state program authorization, is repealed, deleted, or withdrawn, and no corresponding replacement provisions are promulgated by the federal government.