RESOLUTION TRUST CORPORATION, as Receiver for Imperial Federal Savings Association, a federally chartered Savings and Loan Association, Plaintiff–Appellee,

v.

Davis B. PARKER, an individual, and Richard W. Parker, an individual, Defendants–Appellants.

No. 90CA0776.

Colorado Court of Appeals, Div. V.

Dec. 5, 1991.

Kutak Rock & Campbell, John H. Bernstein, Diana C. Fields, Edward J. Posselius III, Denver, for plaintiff-appellee.

Law Offices of Nancy D. Miller, P.C., Nancy D. Miller, Denver, for defendants-appellants.

Opinion by Judge DUBOFSKY.

Defendants, Davis B. and Richard W. Parker, appeal from a summary judgment entered in favor of plaintiff, Resolution Trust Corporation. We conclude that the trial court erred in not granting defendants' motion for change of venue. We, therefore, reverse the trial court's venue determination and, consequently, vacate its summary judgment determination.

On February 28, 1985, the original lender, Silver State Savings, made an $850,000 loan to Parker Joint Venture. The loan was evidenced by a promissory note executed by defendants and secured by a first deed of trust on commercial real property located in the City of Longmont, Boulder County, Colorado. In February 1985, a guaranty agreement was executed by defendants which personally guaranteed the repayment of the full amount of the indebtedness.

In January 1988, a notice of merger was provided to defendants which informed them that Silver State Savings was merging into Imperial Savings Association, a California savings and loan company.

The promissory note between Silver State and Parker Joint Venture stated that the note payments were to be made to Silver State's office at 1500 Grant Street, Denver, Colorado. The guaranty agreement permitted, *inter alia*, the lender to amend, modify, delete, or add any term or condition of or to the indebtedness.

After Silver State merged with Imperial and the note was assigned to Imperial, defendants were informed in writing that future note payments were to be made to Imperial's office in San Diego, California. After receiving this written directive from Imperial, Parker Joint Venture made its subsequent payments to San Diego, California.

This action to recover on the promissory note was begun upon default of Parker Joint Venture. During pendency of the action, defendants moved unsuccessfully to

change venue from Denver, Colorado, to their residence in Boulder, Colorado. Following that denial, summary judgment was entered for plaintiff.

■ Defendants assert error in denial of their motion, but plaintiff claims that defendants have failed to preserve this issue for appeal. Plaintiff argues that defendants' failure to reassert the venue objection to the trial court after receiving the court's adverse ruling precludes our determination of the venue issue on appeal. We disagree.

■ If, as here, a party objects to venue by filing a proper motion prior to answering the complaint, this motion adequately preserves the issue for appeal. *Colorado State Board of Examiners v. District Court*, 126 Colo. 340, 249 P.2d 146 (1952). Furthermore, we note that here defendants explicitly stated in their answer that they objected to venue in Denver. *See Chutkow v. Wagman Realty & Insurance Co.*, 80 Colo. 11, 248 P. 1014 (1926).

■ Plaintiff also argues that defendants' failure to explicitly reference the venue issue in their notice of appeal precludes this court from considering the issue. Again, we disagree.

■ In our view, defendants' notice of appeal adequately preserved this issue. The issues which are listed in the notice of appeal are advisory only and are, thus, not determinative of those decided by this court. C.A.R. 3. *See Widener v. District Court*, 200 Colo. 398, 615 P.2d 33 (1980).

■ Defendants argue that venue was improper in Denver because San Diego, California, replaced Denver, Colorado, as the place of payment or performance of the note. We agree.

C.R.C.P. 98(c)(1) states that proper venue on a contract action lies in the county where the defendant resides at the commencement of the action or in the county where the plaintiff resides when service is made on the defendant in such county. C.R.C.P. 98(c)(2) states, however, that an action may also be tried in the county where the contract was to be performed.

■ Unless there is a particular place of payment/performance for the contract, venue is only proper in the county where the defendant resides or the county where plaintiff resides if defendant is served in that county. *Kimberlin v. Rutliff*, 93 Colo. 99, 23 P.2d 583 (1933); *Cliff v. Gleason*, 142 Colo. 500, 351 P.2d 394 (1960).

In justifying its selection of Denver as the proper venue for this action, plaintiff relies entirely on the part of the original note stating that note payments were to be made in Denver. In our view, the change of the place of payment by Imperial from Denver to San Diego, California, in effect rescinded Denver as the place of payment/performance of the contract. After that, the place of performance for the assigned note between Imperial and defendants was San Diego, California, and not Denver, Colorado. It was this place of performance to which defendants failed to make their payments with the resulting default. Thus, the place of performance/payment that existed between Silver State Savings and defendants is not the place of performance/payment between Imperial and the defendants. Since the place of performance between the parties to this lawsuit, Imperial and the Parkers, is San Diego, the trial court erred in not changing venue to Boulder County.

Since venue was improper, the summary judgment entered by the Denver District Court is void. *Board of County Commissioners v. District Court*, 632 P.2d 1017 (Colo.1981).

The summary judgment is vacated, and the cause is remanded with directions that venue be changed to Boulder, Colorado.

REED and RULAND, JJ., concur.