SUMMARY August 22, 2024 2024COA97 No. 24CA0252, Bennett v. Colorado Department of Revenue — Administrative Law — State Administrative Procedure Act — Judicial Review — Notice — Process — Service by Mail In this interlocutory appeal under C.A.R. 4.2, a division of the court of appeals considers as a matter of first impression whether the notice provision of section 24-4-106(4), C.R.S. 2023, authorizes service of process by mail in an action for judicial review of an agency decision. The division holds that section 24-4-106(4) does not authorize initial service of process for a judicial review complaint by mail and reverses the district court. The division then determines that the plaintiff has shown good cause for her failure to properly serve process and remands with instructions to extend the time to serve process for an appropriate period.
The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion. 
COLORADO COURT OF APPEALS 2024COA97 Court of Appeals No. 24CA0252 Pueblo County District Court No. 23CV58 Honorable Stephen J. Sletta, Judge Misty Bennett, Plaintiff-Appellee, v. Colorado Department of Revenue, Division of Motor Vehicles, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH INSTRUCTIONS Division A Opinion by JUDGE KUHN Gomez and Schock, JJ., concur Announced August 22, 2024 Misty Bennett, Pro Se Philip J. Weiser, Attorney General, Danny Rheiner, Assistant Attorney General, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 In this interlocutory appeal under C.A.R. 4.2, we consider whether section 24-4-106(4), C.R.S. 2023, authorizes service of process by mail in an action for judicial review of an agency decision. In concluding that it does not, we hold that service of process for a judicial review action under section 24-4-106(4) is governed by the Colorado Rules of Civil Procedure. We then determine that plaintiff, Misty Bennett, has failed to properly serve defendant, the Division of Motor Vehicles of the Colorado Department of Revenue (CDOR), but that her failure is excused for good cause. We therefore reverse the district court’s order finding service proper, with instructions to extend the time for service of process for an appropriate period. I. Background ¶ 2 In September 2023, during a traffic stop, Officer Carlos Medina determined that Bennett was impaired by alcohol. He advised her of Colorado’s express consent law and offered her to take a breath or blood test. Bennett refused both, and as a result, Officer Medina confiscated her driver’s license and issued her a notice of revocation. 
2 ¶ 3 Bennett had a hearing the next month before a hearing officer for the CDOR. The hearing officer sustained the revocation of her license for one year. Bennett then timely filed her appeal with the district court under section 42-2-135, C.R.S. 2023. Bennett filed her complaint using Judicial Department Form (JDF) 599, Complaint for Judicial Review (DMV Appeal) (revised May 2018),
1 and completed a certificate of service saying that she had hand-delivered a copy of the complaint to her county department of motor vehicles (DMV). Bennett later filed a separate certificate of service indicating that she had mailed a copy of her complaint to the CDOR and the Attorney General. ¶ 4 A deputy district attorney then filed a “Notice of Non-Perfected Appeal Due to Lack of Personal Service” on behalf of the CDOR. The notice indicated that the deputy district attorney had consulted with a representative of the Attorney General’s office. After that consultation, the deputy district attorney agreed to enter a special 1 We take judicial notice of the district court filings in the underlying case under CRE 201(b). See Schnelle v. Cantafio, 2024 COA 17, ¶ 2 n.1. 
3 appearance and advise the court of issues with service of the complaint. ¶ 5 The district court then issued an order regarding service of process. It concluded that section 24-4-106(4) authorizes service of process by first class mail when a party petitions for judicial review of an agency action. The CDOR moved to certify the court’s order for interlocutory appeal, the district court granted the motion, and we accepted the appeal. II. Appellate Jurisdiction ¶ 6 Before turning to the merits of the CDOR’s appeal, we first explain why an interlocutory review of the district court’s order is appropriate. ¶ 7 With limited exceptions, this court has jurisdiction only over final judgments — that is, judgments that end an action, leaving nothing further for the district court to do to completely determine the parties’ rights. Wilson v. Kennedy, 2020 COA 122, ¶¶ 5-7. One such exception is set forth in section 13-4-102.1(1), C.R.S. 2023, and C.A.R. 4.2, which allow this court, in its discretion, to review a nonfinal order in a civil case when the district court certifies, and we agree, that (1) immediate review may promote a more orderly 
4 disposition or establish a final disposition of the litigation; (2) the order involves a controlling question of law; and (3) that question of law is unresolved. S. Conejos Sch. Dist. RE-10 v. Wold Architects Inc., 2023 COA 85, ¶ 11. We conclude that each of these requirements is satisfied here. ¶ 8 First, our immediate review of whether Bennett has completed proper service by mail may “establish a final disposition of the litigation.” C.A.R. 4.2(b)(1). If we were to conclude that service of process was improper, then her action against the CDOR may be subject to dismissal. See C.R.C.P. 4(m) (“If a defendant is not served within 63 days (nine weeks) after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — shall dismiss the action without prejudice against that defendant or order that service be made within a specified time.”). ¶ 9 Second, the question presented to us in this case is a controlling question of law. Whether a particular question is controlling depends on the nature and circumstances of the order being appealed. Affiniti Colo., LLC v. Kissinger & Fellman, P.C., 2019 COA 147, ¶ 17. We consider a number of factors in making that decision, including, as relevant here, whether the question may 
5 be dispositive of the case and whether addressing the issue would avoid the risk of inconsistent results in different proceedings. Id.; see also Indep. Bank v. Pandy, 2015 COA 3, ¶ 10. As noted, the failure to properly serve process may result in dismissal. And the CDOR asserts that this question is implicated in more than a hundred complaints a year for judicial review under section 42-2-135. Cf. Adams v. Corr. Corp. of Am., 264 P.3d 640, 646 (Colo. App. 2011) (rejecting a question as controlling because, among other things, it did not “identify parallel litigation that would be impacted by an interlocutory ruling”). ¶ 10 Lastly, the relevant question is an unresolved question of law. A question of state law is unresolved if it hasn’t been decided by our supreme court or determined in a published decision of this court. C.A.R. 4.2(b)(2). Neither the supreme court nor a published decision of this court has resolved the exact legal question before us. Consequently, “the order[] at issue appear[s] to involve an unresolved question of law.” Tomar Dev., Inc. v. Bent Tree, LLC, 264 P.3d 651, 653 (Colo. App. 2011). 
6 ¶ 11 Thus, we conclude that our review of the CDOR’s interlocutory appeal is warranted under section 13-4-102.1(1) and C.A.R. 4.2(b). We now turn to the merits of the appeal. III. Service of Process Under Section 24-4-106(4) ¶ 12 The CDOR contends that the district court erred by determining that section 24-4-106(4) authorizes initial service of process of complaints for judicial review by mail. We agree. A. Applicable Law and Standard of Review ¶ 13 We must interpret section 24-4-106(4) to determine whether it carves out an exception to C.R.C.P. 4’s usual requirements for service of process. Interpretation of statutes and court rules involves questions of law, which we review de novo. Gleason v. Jud. Watch, Inc., 2012 COA 76, ¶ 14. ¶ 14 When interpreting a statute, “we strive to give effect to the intent of the legislature.” Spahmer v. Gullette, 113 P.3d 158, 162 (Colo. 2005). “[T]o ascertain the legislative intent, we look first to the plain language of the statute, giving the language its commonly accepted and understood meaning.” Smith v. Exec. Custom Homes, Inc., 230 P.3d 1186, 1189 (Colo. 2010) (citation omitted). Additionally, “[t]he language at issue must be read in the context of 
7 the statute as a whole and the context of the entire statutory scheme.” Jefferson Cnty. Bd. of Equalization v. Gerganoff, 241 P.3d 932, 935 (Colo. 2010). And we read the statute as a whole and give consistent, harmonious, and sensible effect to the entire statute. See id. These principles also apply to our interpretation of court rules. Gleason, ¶ 16. ¶ 15 A person “whose license has been finally canceled, suspended, or revoked by or under the authority of the [CDOR] may, within thirty-five days thereafter, obtain judicial review in accordance with section 24-4-106.” § 42-2-135(1). Section 24-4-106 provides for judicial review of agency actions, including a driver’s license revocation. And its provisions are intended “to assure a plain, simple, and prompt judicial remedy to persons or parties adversely affected or aggrieved by agency actions.” § 24-4-106(1). B. Section 24-4-106(4) Does Not Authorize Service of Process by Mail ¶ 16 The CDOR contends that the district court misinterpreted section 24-4-106(4) by finding that the statute authorizes service of process by mail. The district court concluded that Bennett’s certificate of service — indicating that she had mailed a copy of the 
8 complaint to the CDOR and the Attorney General’s office — complies with the provisions of section 24-4-106(4). We disagree with the district court’s interpretation. ¶ 17 The relevant portion of subsection (4) contains the requirements for service of process: Every party to an agency action in a proceeding under section 24-4-105 not appearing as plaintiff in such action for judicial review shall be made a defendant; except that, in review of agency actions taken pursuant to section 24-4-103, [C.R.S. 2023,] persons participating in the rule-making proceeding need not be made defendants. Each agency conducting a rule-making proceeding shall maintain a docket listing the name, address, and telephone number of every person who has participated in a rule-making proceeding by written statement, or by oral comment at a hearing. Any person who commences suit for judicial review of the rule shall notify each person on the agency’s docket of the fact that a suit has been commenced. The notice shall be sent by first-class certified mail within fourteen days after filing of the action and shall be accompanied by a copy of the complaint for judicial review bearing the action number of the case. Thereafter, service of process, responsive pleadings, and other matters of procedure shall be controlled by the Colorado rules of civil procedure. § 24-4-106(4) (emphasis added). 
9 ¶ 18 The district court primarily based its interpretation on the italicized language above.
2 But in doing so, it overlooked the two previous sentences, which are critical to ascertaining the meaning of the statute. Section 24-4-106(4) does say that “notice shall be sent by first-class certified mail within fourteen days after filing of the action.” However, the reference to “notice” does not refer to service of process. Instead, it refers to an earlier portion of that same paragraph requiring a party commencing suit for judicial review of “a rule-making proceeding” under section 24-4-103 to “notify each person on the agency’s docket of the fact that a suit has been commenced.” § 24-4-106(4). ¶ 19 Section 24-4-103, governing rule-making proceedings, is applicable when “any agency is required or permitted by law to make rules, in order to establish procedures and to accord interested persons an opportunity to participate therein.” § 24-4-103(1). In a judicial review of an agency rule-making, “persons participating in the rule-making proceeding need not be 2 The district court also referenced the language of the form that Bennett used to file her pro se complaint. We address this portion of the order in Part III.D. 
10 made defendants.” § 24-4-106(4). Thus, the plain language of the notice provision in section 24-4-106(4) is designed to ensure that notice is given to those nondefendant participants in the rule-making proceeding who will not automatically be made parties to the judicial review. Id. ¶ 20 The statute also makes clear that this notice in rule-making proceedings is not intended to supplant service of process or other procedural requirements. It notes that after the notice of judicial review in a rule-making proceeding, “service of process, responsive pleadings, and other matters of procedure shall be controlled by the Colorado rules of civil procedure.” Id. This language indicates that the notice by mail is an extra requirement that only applies to judicial reviews of rule-making proceedings. However, for all judicial review actions — regardless of type — the rules of civil procedure control service of process and subsequent procedure in the case. ¶ 21 In the case before us, Bennett sought judicial review of her driver’s license revocation under section 42-2-135, which is not a challenge to a rule-making proceeding. And the plain language of section 24-4-106 demonstrates that the legislature did not intend to 
11 abrogate the service of process requirements for judicial review of such an action. ¶ 22 Consequently, we hold that section 24-4-106(4) does not authorize initial service of process for a judicial review complaint by mail. The district court erred by concluding otherwise. C. Bennett’s Service of Process Was Controlled by C.R.C.P. 4 ¶ 23 Absent an exception, Rule 4 controls the service of “all process.” C.R.C.P. 4(a). In the case before us, Bennett had to personally serve the CDOR “by delivering a copy [of the summons and complaint] to the principal officer, chief clerk, or other executive employee [of the CDOR], and by delivering a copy to the [A]ttorney [G]eneral.” C.R.C.P. 4(e)(10)(B). ¶ 24 Bennett argues that she accomplished this by hand-delivering a copy of the complaint to her county DMV and mailing a copy to the CDOR and Attorney General’s office. However, personal service of process is proper when it is completed “by any person whose age is eighteen years or older, not a party to the action.” C.R.C.P. 4(d). Because Bennett is a party to the action, she could not serve 
12 process of her own complaint.
3 See Nelson v. Chittenden, 53 Colo. 30, 37, 123 P. 656, 659 (1912) (reiterating that a litigant cannot serve their own summons). ¶ 25 Bennett also argues that service was effective because all parties received copies of her complaint through the mail. But Rule 4 only authorizes service by mail under sections (f), addressing substituted service, and (g), addressing other service, neither of which is applicable here. We therefore conclude that Bennett did not properly serve the CDOR as required by Rule 4. 3 Bennett argues that this distinction prioritizes procedural technicalities over substantive fairness. But there are good reasons for requiring a third party to serve process. For example, it reduces the chance of conflict between the parties, and it provides for participation by a neutral third party who could be called to testify if a party denies having received proper service. See generally Toenniges v. Drake, 7 Colo. 471, 472-73, 4 P. 790, 791 (1884) (explaining the necessity of a disinterested and impartial process server). Regardless, proper service of process is an important part of invoking the jurisdiction of the courts to bring a lawsuit, Empire Ranch & Cattle Co. v. Coldren, 51 Colo. 115, 116, 117 P. 1005, 1006 (1911), and Bennett is bound to follow the rules of procedure. See C.R.C.P. 1; see also Gandy v. Williams, 2019 COA 118, ¶ 8 (noting we apply the same law and procedural rules to pro se parties as attorneys). 
13 D. Bennett has Good Cause for Failing to Properly Serve Within the Required Timeframe ¶ 26 Last, the CDOR argues that because Bennett did not comply with the rules governing service of process before the sixty-three-day deadline contained in Rule 4(m), the district court should have dismissed the case. Bennett, in turn, asks us to consider the broader context of her situation and to permit her case to move forward. While Bennett did not explicitly request an extension based on a showing of good cause, “[p]leadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.” Johnson v. McGrath, 2024 COA 5, ¶ 10 (quoting Jones v. Williams, 2019 CO 61, ¶ 5). We interpret Bennett’s argument as asking for an opportunity to fix the problems with service in her case. We conclude that the circumstances here constitute good cause to extend the deadline for Bennett to properly serve process. ¶ 27 Rule 4(m) requires the plaintiff to serve a defendant within sixty-three days after the complaint is filed. But it also provides that “if the plaintiff shows good cause for the failure [to serve 
14 process within sixty-three days], the court shall extend the time for service for an appropriate period.” And “the court may — even without a showing of good cause — ‘order that service be made within a specified time’ after the deadline.” Taylor v. HCA-HealthONE LLC, 2018 COA 29, ¶ 47 (quoting C.R.C.P. 4(m)). ¶ 28 Bennett used JDF 599, “Complaint for Judicial Review (DMV Appeal),” to file her lawsuit. The district court noted in its order that the “Colorado Judicial Department’s self-help website provides the following note on use of JDF 599 . . . . Make a copy of this form for the Division of Motor Vehicles and the Attorney General (Revenue and Utilities Section) and send it to them by mail.” ¶ 29 Taking judicial notice of the then-existing Colorado Judicial Branch website under CRE 201(b) confirms this assertion.
4 See Colo. Jud. Branch, Self Help/Forms, https://perma.cc/53N4-UB8U (navigate to “Division of Motor Vehicles (DMV) Appeals” and open popout six, “File and Notify”). In 2023, when Bennett filed her lawsuit, the “Division of Motor Vehicles (DMV) Appeals” section of 4 The Colorado Judicial Branch implemented a new website during the pendency of this appeal. We refer in this opinion to the prior version of the website that existed during Bennett’s appeal to the district court. 
15 the website contained instructions titled “Mail a Copy.” That section provided addresses for the CDOR and the Attorney General’s office. It also contained a generic certificate of service form. ¶ 30 Additionally, the then-existing JDF 599 form itself also contained a generic certificate of service section showing service options including e-filing, fax, mail, and hand delivery.
5 To the extent that the old JDF 599 or the old self-help website indicated that service of process in a judicial review action can be completed by mail, they were incorrect. As noted, service of process for this type of case must be completed by personal service. See § 24-4-106(4); C.R.C.P. 4(e)(10)(B). ¶ 31 It appears that both Bennett and the district court understandably relied, at least in part, on the inaccurate website 5 We note that the inaccuracies in the old website and JDF 599 were corrected during the pendency of this appeal. 
16 and JDF 599 information.
6 Under these circumstances, we conclude that Bennett has shown good cause for not timely completing personal service on the CDOR under Rule 4(m). On remand, the district court should extend the time for service for an appropriate period to allow Bennett to properly serve the CDOR and Attorney General in accordance with the rules. IV. Disposition ¶ 32 The district court’s order is reversed, and the case is remanded with instructions to extend the time for service for an appropriate period to allow Bennett to complete personal service as required by section 24-4-106(4) and Rule 4. JUDGE GOMEZ and JUDGE SCHOCK concur. 6 But we also note that the self-help website contained a legal disclaimer stating that “[t]hese instructions are for informational purposes only and do not constitute legal advice about your case. If you choose to represent yourself, you are bound by the same rules and procedures as an attorney.” Colo. Jud. Branch, Appeals, https://perma.cc/S8R7-D8TR.