25CA0059 Feeney v CDOR 04-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0059
Boulder County District Court No. 24CV74
City and County of Denver District Court No. 24CV746
Honorable J. Chris Larson, Judge
Honorable Sarah B. Wallace, Judge

James Feeney,

Plaintiff-Appellant,

v.

Colorado Department of Revenue, Division of Motor Vehicles,

Defendant-Appellee.

JUDGMENTS AFFIRMED

Division I
Opinion by JUDGE SCHUTZ
J. Jones and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

James Feeney, Pro Se

Philip J. Weiser, Attorney General, Heather Whitman, Senior Assistant
Attorney General, Leonela Urrutia, Assistant Attorney General, Sasha Jasty,
Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1    This case arises out of James Feeney's appeal of a $100 late fee that the Colorado Department of Revenue (DOR) assessed against him for his late registration of a motor vehicle. We affirm.

## I.    Procedural and Factual Setting

¶ 2    In October 2023, Feeney renewed the registration of his car, a 1987 Audi. The car's registration was due in April 2023. He was assessed a late fee in the amount of $100, at the rate of $25 for each month the registration had been delayed, with a $100 maximum. Feeney paid the $100 late fee and then requested a refund of that amount.

¶ 3    Feeney brought his administrative action using DOR Form DR 2468, entitled "Late Fee Review and Refund Request." Feeney argued that the late fee should have been waived based upon an information technology failure. *See* § 42-3-112(1.5)(a)(V), C.R.S. 2025 ("[T]he executive director of the department shall promulgate rules that establish circumstances . . . in which a vehicle owner is exempt from paying the late fee . . . . includ[ing] exemptions for . . . [i]nformation technology failures."). The Department of Motor Vehicles, a division of the DOR, denied Feeney's request.

1

¶ 4　　Feeney then demanded a hearing on his request for reimbursement.  After an evidentiary hearing, the hearing officer issued her initial decision.  The hearing officer cited section 24-4-105, C.R.S. 2025, as the governing procedural statute for Feeney's appeal, and section 42-3-112(1.5)(a)(V) as the substantive basis for the claimed waiver.  The hearing officer denied Feeney's challenge, finding that "[n]o evidence was presented to indicate that the DMV's information technology system failed during the period in question."  Thus, the hearing officer concluded that Feeney "did not prove by a preponderance of the evidence that he is entitled to an exemption, waiver, or refund of the late registration fee . . . ."  The initial decision included an appendix that advised Feeney of his right to pursue an appeal of the initial decision to the executive director of the DOR pursuant to section 24-4-105(14) and (15).

¶ 5　　Feeney filed exceptions to the initial decision and designated the record for review in accordance with section 24-4-105.  After briefing, the executive director of the DOR issued a final agency order under section 24-4-105 denying Feeney's challenge, concluding that the assessment of the $100 late fee was proper and that Feeney had failed to establish that the "[i]nformation

technology failure" exception applied. § 42-3-112(1.5)(a)(V); § 42-3-112(1)(a)(I) ("If a vehicle subject to taxation under this article 3 is not registered when required by law, the vehicle owner shall pay: . . . [a] late fee of twenty-five dollars for each month or portion of a month following the expiration of the registration period . . . .").

¶ 6 Feeney filed an appeal of the final agency order in the Boulder County District Court. Feeney captioned his initial pleading as a "Complaint for Judicial Review Pursuant to § 24-4-106[, C.R.S. 2025,] and Request for Stay and Designation of Record." Each of the footers on his eight-page complaint contained the same description.

¶ 7 The DOR entered a special appearance in the Boulder district court for the limited purpose of filing a motion for change of venue, arguing that, pursuant to C.R.C.P. 98 and section 24-4-106, venue was proper in the City and County of Denver. *See* C.R.C.P. 98(c)(1) ("Except as provided in sections (a), (b), and (c)(2) through (6) of this Rule, an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action . . . ."); § 24-4-106(4) ("The residence of a state agency for the purposes of this subsection (4) shall be deemed to be the city and

3

county of Denver.").  After briefing, the Boulder district court granted the motion and transferred the case to the City and County of Denver District Court.

¶ 8     Shortly after the transfer, the DOR moved to dismiss the Denver district court action for insufficient service of process.  *See* C.R.C.P. 12(b)(3).  Feeney failed to respond to the motion to dismiss. The Denver district court sua sponte granted Feeney an extension to file a response to the motion.  He still failed to respond.  The Denver district court then dismissed the case for insufficient service of process.  *See* C.R.C.P. 4(e)(10)(B).

¶ 9     Feeney appeals the dismissal order entered by the Denver district court and the transfer of venue order granted by the

Boulder district court. Concluding that neither court reversibly erred, we affirm.[1]

## II. Proper Venue for Feeney's Complaint for Judicial Review

¶ 10 Despite his failure to respond to the motion to dismiss, Feeney contends that the dismissal order is void because the Denver district court lacked jurisdiction to hear the case as a result of the Boulder district court's improper change of venue. *See Resol. Tr. Corp. v. Parker*, 824 P.2d 102, 104 (Colo. App. 1991) ("Since venue was improper, the summary judgment entered by the Denver [d]istrict [c]ourt is void."). Alternatively, Feeney argues that the DOR waived its ability to claim improper service of process.

¶ 11 To support his first contention, Feeney argues that the Boulder district court erred by construing his complaint as an

---

[1] On appeal, the DOR argues that the district courts and this court lacked jurisdiction because Feeney's complaint was not timely filed. After concluding that the resolution of that contention involved disputed but unaddressed factual issues, we remanded the case to the Denver district court for additional findings. *Feeney v. Colo. Dep't of Revenue*, (Colo. App. No. 25CA0059, Nov. 20, 2025) (unpublished order). On remand, the parties stipulated that Feeney's complaint was timely. We agree and are therefore satisfied that the district courts had jurisdiction to resolve the appeal and so do we. *See People in Interest of S.X.G.*, 2012 CO 5, ¶ 9 ("[W]e must always satisfy ourselves that we have jurisdiction to hear an appeal . . . .").

appeal under 24-4-106, rather than as an appeal to recover a penalty under C.R.C.P. 98(b).  Because it is germane to Feeney's challenge of both orders, we begin by addressing his venue argument.  *In re Estate of Gonzalez*, 2024 COA 63, ¶ 10 (appellate courts must address jurisdictional challenges before addressing the merits of an appeal).

## A.     Standard of Review

¶ 12     We review the district court's interpretation of a statute de novo.  *See Berthoud v. Indus. Claim Appeals Off.*, 2017 COA 145, ¶ 28.  Similarly, we review a district court's interpretation of a procedural rule de novo.  *See Maldonado v. Pratt*, 2016 COA 171, ¶ 15.

## B.     Analysis

¶ 13     Feeney does not dispute that the DOR is a state agency and that the City and County of Denver is generally the proper place to file a complaint brought against a state agency under 24-4-106(4).  But he argues that his claim should not be analyzed as a simple appeal for the review of an agency action under section 24-4-106.  Rather, he asserts that his complaint is properly construed as a claim for reimbursement of an overpaid tax.  *See* § 42-3-112

(authorizing a late feed for failing to timely pay vehicle registration fee). Such a claim, Feeney argues, is for the "recovery of a penalty," and the proper venue for such a claim was the Boulder district court. *See* C.R.C.P. 98(b) (Actions for the recovery of a penalty "shall be tried in the county where the claim, or some part thereof, arose . . . ."). Because the alleged penalty was collected by the Boulder County Clerk and Recorder — Motor Vehicle Division, he asserts that the claim arose in Boulder County and that his appeal was properly filed in Boulder County. We disagree for two reasons.

¶ 14    First, we disagree with Feeney's contention that his Boulder County complaint was an action for the recovery of a penalty as contemplated by C.R.C.P. 98(b). The portion of the rule that Feeney relies on provides in its entirety as follows:

> *(b) Venue for Recovery of Penalty, etc.* Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:
>
> (1) For the recovery of a penalty or forfeiture imposed by statute, except that when it is imposed for an offense committed on a lake, river, or other stream of water, situated in two or more counties, the action may be brought in any county bordering on such lake, river, or stream and opposite the place where the offense was committed;

> (2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, does anything touching the duties of such officer, or for a failure to perform any act or duty which he is by law required to perform.

C.R.C.P. 98(b)(1)-(2).

¶ 15    The plain language of C.R.C.P. 98(b) indicates that it applies to an action to collect a penalty or forfeiture imposed by statute on an individual — whether a public official or private citizen — for some action that is barred by statute. But that is not what occurred here.

¶ 16    Feeney paid the late fee and tax, unsuccessfully requested a waiver of the late fee, and then sought review of the propriety of the DOR's denial of his waiver request. That is a claim for judicial review of the administrative decision denying his requested waiver, not a claim "[f]or the recovery of a penalty or forfeiture imposed by statute" as set forth in C.R.C.P. 98(b)(1).

¶ 17    Second, recall that Feeney captioned his initial pleading as a "Complaint for Judicial Review Pursuant to § 24-4-106 and Request for Stay and Designation of Record." And he repeatedly described the complaint as an action for judicial review under section 24-4-

106. Nowhere did he state a claim for the recovery of a statutorily imposed penalty against any person. Rather, he sought judicial review of the DOR's final agency order denying his request for a waiver of the late fee imposed against him.

¶ 18    Relatedly, Feeney does not cite any decision holding that a request for the waiver of a late fee amounts to a claim for the "recovery of a penalty or forfeiture" as that phrase is used under C.R.C.P. 98(b)(1). Indeed, a division of this court has previously concluded that an action challenging a decision of the DOR imposing a penalty (in that case, suspension of a liquor license) is an action against the agency and venue is proper in the City and County of Denver. *See Farmers Cafe, Inc. v. Colo., Dep't of Revenue*, 752 P.2d 1064, 1066 (Colo. App. 1988) ("Thus, even if we assume, as licensee argues, that C.R.C.P. 98 establishes the venue rules for actions under section 24-4-106(4) . . . , nevertheless, since the official residence of a state agency is deemed to be the city and county of Denver, licensee's claim arose in that city and county.").

¶ 19    Thus, we discern no error in the Boulder district court's determination that this case was brought under section 24-4-106 to

review the denial of a late fee waiver, and that the proper venue was the City and County of Denver.

### III.  Dismissal for Lack of Personal Service

¶ 20  As previously noted, the DOR filed a motion to dismiss for insufficient service of process.  *See* C.R.C.P. 12(b)(3).  Feeney failed to respond to the motion despite the Denver district court's sua sponte extension.  In view of Feeney's failure to respond and the merits of the DOR's argument, the Denver district court concluded that he failed to properly serve the DOR and dismissed the case.  *See* C.R.C.P. 4(e)(10)(B) (requiring service "[u]pon a department or agency of the state . . . by delivering a copy thereof to the principal officer, chief clerk, or other executive employee thereof, and by delivering a copy to the attorney general").

¶ 21  In an effort to avoid the dismissal order, Feeney argues that the order is void because the Denver district court was not the proper venue for the proceedings and therefore lacked subject matter jurisdiction.  *See Resol. Tr. Corp.*, 824 P.2d at 104.  But for the reasons previously stated, that argument fails because the Boulder district court did not err by granting the motion for change of venue.

10

¶ 22    Next, Feeney argues that the DOR waived its insufficient service of process argument by filing a motion for change of venue without addressing service of process. *See* C.R.C.P. 12(g), (h)(1) ("If a party makes a motion under this Rule but omits therefrom any defense or objection then available to that party which this Rule permits to be raised by motion, that party shall not thereafter make a motion based on the defense or objection so omitted . . . ."). But in its motion for change of venue, the DOR "expressly reserve[d] any and all defenses, including jurisdiction, service, and venue, available to it." Moreover, having failed to respond to the motion to dismiss, Feeney waived any argument other than his failed venue and jurisdictional contentions. *Colo. Comp. Ins. Auth. v. Jones*, 131 P.3d 1074, 1079 (Colo. App. 2005) ("An argument not presented to the trial court cannot be raised for the first time on appeal."). This includes his argument that the DOR waived its ability to object to a claim for insufficient service of process by filing the change of venue motion in the Boulder district court.

¶ 23    It was undisputed that Feeney did not effectuate personal service on the DOR or its "principal officer, chief clerk, or other executive employee thereof, and by delivering a copy to the attorney

11

general." C.R.C.P. 4(e)(10)(B). Instead, he simply emailed the complaint to the DOR and the Attorney General. *See Bennett v. Colo. Dep't of Revenue*, 2024 COA 97, ¶ 22 ("[S]ection 24-4-106(4) does not authorize initial service of process for a judicial review complaint by mail."); *Namaste Judgment Enf't, LLC v. King*, 2020 COA 43, ¶ 23 ("[P]ersonal service requires 'delivering a copy . . . to the person' or to that person's agent . . . ." (quoting C.R.C.P. 4(e)(1)). Accordingly, we conclude that the Denver district court did not err by granting the DOR's motion to dismiss for insufficient service of process. *See Bennett*, ¶ 22.

## IV. Disposition

¶ 24 The Denver district court's judgment and the Boulder district court's judgment are affirmed.

JUDGE J. JONES and JUDGE GROVE concur.