25CA1373 Eaves v Stancil 06-25-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1373
El Paso County District Court No. 25CV133
Honorable Gregory R. Werner, Judge

---

Rodney Douglas Eaves,

Plaintiff-Appellant,

v.

Moses Stancil, as executive director of the Colorado Department of Corrections,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Welling and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

---

Rodney Douglas Eaves, Pro Se

Philip J. Weiser, Attorney General, Mark C. Lockefeer, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Rodney Douglas Eaves, appeals the dismissal of his C.R.C.P. 106(a)(2) petition against defendant, Moses Stancil, the executive director of the Colorado Department of Corrections (CDOC), for failure to state a claim upon which relief can be granted.  We affirm.

## I.    Background

¶ 2    Eaves is an inmate in the custody of the CDOC.  He filed a petition for mandamus relief under C.R.C.P. 106(a)(2), asking the court to compel Stancil to (1) order grievance officers to "properly investigate or seek meaningful remedies" and "stop providing false or misleading responses in order to deny meaningful relief"; (2) give Eaves adequate access to the courts by providing him with legal services; and (3) provide Eaves with procedural due process before restricting his rights or privileges.  As the source of Stancil's alleged duties, Eaves cited section 17-1-103, C.R.S. 2025, and various CDOC administrative regulations.  Eaves also sought damages.

¶ 3    Stancil moved to dismiss the petition under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted.  He argued that Eaves did not make any specific allegations that could

entitle him to relief because his petition was based solely on Stancil's "generalized duties" to enforce administrative regulations.

¶ 4 Eaves argued in response that Stancil had a clear duty to enforce the administrative regulations, and he cited three regulations that he claimed required the actions he sought to compel. In the last sentence of his response, Eaves requested leave to amend his petition if the court deemed his claims to be deficient.

¶ 5 The district court dismissed the petition. It cited the lack of specific allegations regarding, among other things, the nature of any deficient investigations, any actions CDOC officers failed to perform, the alleged false or misleading statements, or how Eaves had been denied access to the courts. The court also concluded that, regardless of specificity, Eaves's claim would fail because "mandamus relief cannot be used to enforce duties generally."

## II. Dismissal of Petition

¶ 6 Eaves contends that the district court erred by dismissing his petition because he properly completed Judicial Department Form (JDF) 662 — the judicial branch's self-help form for a C.R.C.P. 106(a)(2) petition. *See* JDF 662, Petition to Compel Action (revised Mar. 2023), https://perma.cc/U2DD-NTTW. We disagree.

2

## A. Standard of Review and Applicable Law

¶ 7 We review de novo the dismissal of a complaint under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. *Bewley v. Semler*, 2018 CO 79, ¶ 14. We accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff to determine whether the plaintiff has stated a plausible claim for relief. *Id.*; *Warne v. Hall*, 2016 CO 50, ¶ 2. Dismissal is proper when the allegations cannot, as a matter of law, support the claim for relief. *Bewley*, ¶ 14.

¶ 8 Mandamus is an "extraordinary remedy that requires public officials to perform plain legal duties they owe by virtue of their offices." *Owens v. Carlson*, 2022 CO 33, ¶ 21. A party seeking mandamus relief bears a "demanding burden" to show (1) a clear right to the relief sought; (2) a clear duty of the defendant to perform the act requested; and (3) the lack of any other available remedy. *Id.* Mandamus relief is not available to "enforce duties generally, or to control and regulate a general course of official conduct for a long series of continuous acts to be performed under varying conditions." *Rocky Mountain Animal Def. v. Colo. Div. of Wildlife*, 100 P.3d 508, 517 (Colo. App. 2004) (citation omitted).

## B. Analysis

¶ 9    We agree with the district court that the allegations in Eaves's petition did not state a plausible claim for mandamus relief.

¶ 10    First, Eaves's allegations did not support a clear right to relief. *Owens*, ¶ 21. Although Eaves cited various CDOC regulations, he did not explain how "the challenged action was contrary to the plain language" of those regulations. *Lewis v. Stancil*, 2026 COA 8, ¶ 19. The regulations do not require any particular form of investigation. *See* DOC Admin. Reg. 850-04(IV)(C)(5), (E)(1), (F)(1); DOC Admin. Reg. 750-01(I)(A), (F); DOC Admin. Reg. 650-06(IV)(C)(3). But even if they did, Eaves did not allege how the unspecified investigations fell short of those standards or how the unspecified officers' responses were "false or misleading." And although DOC Admin. Reg. 750-01(I)(A) states a policy of ensuring offenders' right of access to the courts, Eaves did not allege how he had been denied that right. Nor did he say what procedures he had been denied in connection with any restrictions of his rights or privileges.

¶ 11    Second, Eaves did not adequately allege that Stancil had a "clear duty" to perform the requested acts. For the source of that duty, Eaves cited only section 17-1-103(1)(a) and (b), which

generally requires the CDOC executive director to "manage, supervise, and control the correctional institutions" and "supervise the business, fiscal, budget, personnel, and financial operations" of the CDOC. At most, this statute imposes on Stancil a general duty to supervise prison operations rather than any specific "ministerial duty" to perform the requested acts — acts that are themselves quite general. *Owens*, ¶ 21 (citation omitted). Mandamus is not available to control or regulate such a general, inherently judgment-based duty. *See id.*; *Rocky Mountain Animal Def.*, 100 P.3d at 517.

¶ 12    Third, Eaves made no allegations as to why other remedies were not available. He did not, for example, allege that he had exhausted all available administrative remedies. *See Gramiger v. Crowley*, 660 P.2d 1279, 1281 (Colo. 1983) ("[M]andamus will not issue until all forms of alternative relief have been exhausted.").

¶ 13    Eaves nevertheless contends that his petition should have been deemed sufficient because he faithfully followed JDF 662, providing all the information requested by that form. But the form does not change the well-established pleading requirements. And although we liberally construe Eaves's pro se petition, he remains subject to those rules. *See Gandy v. Williams*, 2019 COA 118, ¶ 8.

¶ 14    Nor is this a situation where the pro se form *conflicts* with the pleading standard.  *Cf. Bennett v. Colo. Dep't of Revenue*, 2024 COA 97, ¶ 31 (holding that plaintiff had shown good cause for not completing service in accordance with Colorado Rules of Civil Procedure where JDF form was inaccurate).  True, the form does not detail the legal standard or require any particular degree of specificity in the allegations.  But it does not say otherwise either.  Rather, JDF 662 pointed Eaves in the right direction by instructing him to identify (1) the "specific action" Stancil was required to take; (2) the "law or other authority" giving rise to that duty; and (3) the specific basis for any damages.  It was incumbent on Eaves to complete the form with sufficient detail to establish the clear right and clear duty that mandamus relief requires.  *See Owens*, ¶ 21.

¶ 15    Thus, because the allegations in Eaves's petition were insufficient as a matter of law to state a claim for C.R.C.P. 106(a)(2) mandamus relief, the district court correctly dismissed the petition.

### III.    Request to Amend

¶ 16    Eaves also asserts that the district court erred by failing to consider his request for leave to amend his petition if the court determined the petition failed to state a claim for relief.  But

because Stancil had not filed a responsive pleading, Eaves did not need leave to file an amended petition while the motion to dismiss was pending. *See* C.R.C.P. 15(a); *Schulz v. Laszlo & Assocs., LLC*, 2025 COA 24, ¶¶ 14-15. At that point, he could have filed one; he just did not. Nor did Eaves move to amend his petition under C.R.C.P. 59 or C.R.C.P. 60 after the petition was dismissed, as he could have done. *See Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 39. His failure to do so means there is no district court ruling for us to review. *See Patterson v. James*, 2018 COA 173, ¶ 12 (holding that the plaintiff waived her argument that the district court should have permitted her to amend her complaint instead of dismissing it by failing to "urge the . . . court to rule on the matter").

¶ 17　　Moreover, Eaves did not file a separate motion to amend his petition; instead, he embedded his alternative request to amend in his response to Stancil's motion to dismiss. "A motion shall not be included in a response . . . to the original motion." C.R.C.P. 121, § 1-15(1)(d); *see Patterson*, ¶ 9. Thus, "[s]imply suggesting in [his response] that [Eaves] would amend [his] complaint if the court believed the complaint was unclear is not a motion for leave to amend." *Patterson*, ¶ 10. By failing to file a separate motion for

leave to amend his complaint — and failing to press for a district court ruling on the issue — Eaves failed to preserve this issue. *See id.* at ¶¶ 9-10, 12.  We therefore decline to address it further.

## IV.   Disposition

¶ 18    The judgment is affirmed.

JUDGE WELLING and JUDGE LUM concur.